IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROGER O'NEAL MOSEBY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0120 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

**ORDER ON DISMISSAL**

State inmate Roger O'Neal Moseby, proceeding *pro se* and *in forma pauperis*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2003 state court felony conviction. The respondent filed a motion to dismiss the petition as barred by limitations, and served a copy on petitioner. (Docket Entry No. 12.) Despite the expiration of a reasonable period of time in excess of thirty days, petitioner has not filed, or requested additional time to file, a response to the motion to dismiss.

After considering the pleadings, the motion, the record, and the applicable law, the Court GRANTS the motion to dismiss and DISMISSES this case as time-barred.

*Procedural Background*

Petitioner was convicted of robbery on February 26, 2003 and sentenced to forty-five years confinement under cause number 920607 in the 179th District Court of Harris County, Texas. The conviction was affirmed on October 19, 2004. *Moseby v. State*, No. 14-03-0428-CR (Tex. App. – Houston [14th Dist.] 2004, no. pet.). No petition for discretionary review

was filed. Petitioner's application for state habeas relief, filed on December 16, 2005, was denied by the Texas Court of Criminal Appeals on September 20, 2006. *Ex parte Moseby*, Application No. 65,370-01. Petitioner filed this federal habeas petition on January 5, 2007, raising trial court error and ineffective assistance of counsel.

*Analysis*

The pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

>pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2)

In this case, petitioner's conviction became final for purposes of the AEDPA one-year limitation at the conclusion of direct review or the expiration of the time for seeking such review in state court, on November 18, 2004. Limitations expired one year later, on November 18, 2005. Petitioner did not file his application for state habeas relief until December 16, 2005, *after* expiration of limitations, and it had no tolling effect on limitations. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Petitioner's pleadings do not reveal any viable grounds for application of any statutory or equitable tolling provisions for the AEDPA limitations bar, and the instant federal petition is untimely.

*Conclusion*

Petitioner's petition for habeas relief is DENIED and this case is DISMISSED WITH PREJUDICE as barred by limitations. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas on July 10, 2007.

_____
Gray H. Miller
United States District Judge